UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED ANDERSON,

    Plaintiff,

v.                                                 Case No. 13-12834

BANK OF AMERICA, N.A., UNKNOWN TRUSTEE,    HON. AVERN COHN
as the unknown trustee of the asset-backed security
in which the loan at issue was pooled, and UNKNOWN
TRUST, the unknown asset-backed security in
which the loan was pooled,

    Defendants.

_____/

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 9)[1]

**I.**

This is a case challenging foreclosure proceedings.  Plaintiff has named Bank of America, N.A. (BOA), "Unknown Trustee as trustee on behalf of the asset-backed-security in which the loan at issue was pooled" and "Unknown Trust, the unknown asset-backed security in which the loan was pooled" as defendants.  The complaint asserts multiple claims, as follows:

    Count 1    Declaratory Relief that the foreclosure violates MCL 600.3204(1) and (3)

    Count 2    Declaratory Relief that the foreclosure violates MCL 600.3204(4), 6000.3205a, 600.3205c

---

[1]Although originally schedule for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

| | |
|---|---|
| Count 3 | Breach of Contract |
| Count 4 | Intentional Fraud |
| Count 5 | Constructive Fraud |
| Count 6 | Tortious Interference with Contractual Relations |
| Count 7 | Civil Conspiracy |
| Count 8 | Michigan's Regulation of Collection Practices Act |
| Count 9 | Michigan's Occupational Code |
| Count 10 | Accounting |
| Count 11 | Breach of Contract of the Implied Duty of Good Faith and Fair Dealing |
| Count 12 | Declaratory Relief Regarding Defendants' Failure to Comply with the Condition Precedent Under the Code of Federal Regulations |

BOA removed the case to federal court on the grounds of diversity jurisdiction under 28 U.S.C. § 1332.

Before the Court is plaintiffs' motion to remand. For the reasons that follow, the motion will be denied.[2]

**II.**

On March 27, 2007, plaintiff obtained a loan from Taylor, Bean and Whitaker Mortgage Corporation to finance the purchase of a home in Harper Woods. To secure payment on the loan, plaintiff granted a mortgage to Mortgage Electronic Systems Inc. (MERS), as nominee for the lender and lender's successors and assigns. In April of

---

[2]BOA has filed a motion to dismiss. (Doc. 4). The Court granted plaintiff a motion for extension of time to file a response to the motion to dismiss pending a ruling on plaintiff's motion to remand. Given the Court's decision on the motion to remand, plaintiff shall file a response to the motion to dismiss within 21 days of this order.

2012, MERS assigned the mortgage to BOA. Plaintiff defaulted on the loan. BOA initiated foreclosure proceedings.

On or about May 29, 2013, plaintiff filed the complaint in state court. Plaintiff also moved for an obtained a temporary restraining order and later a preliminary injunction preventing the sale of the property.[3]

On June 28, 2013, BOA removed the case to federal court. Plaintiff then filed the instant motion to remand.

## III.

Plaintiff contends (1) removal was improper because BOA did not attach the summons with the removal papers and (2)removal was improper because the "Unknown Trustee" and "Unknown Trust" did not consent to the removal, and (3) BOA has not established that diversity jurisdiction exists. Each argument is addressed in turn below.

## A.

Plaintiff first contends that removal was improper because BOA did not attach copies of the entire state court record. A defendant that wants to remove a case must file a notice of removal within thirty days that includes "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. §

---

[3]Interestingly, the order granting the TRO states that counsel for plaintiff shall serve a copy of the order, summons and complaint, etc. as follows: Certified Mail return receipt requested, with delivery restricted to the addresses, to Defendant HSBC Finance Corp., at its headquarters located at 2700 Sanders Road, Prospect Heights, IL 60070. The order also provided for service of the "Unknown Trustee and Unknown Trust c/o Defendant HSBC Finance Corp. at the same Illinois address. Despite what appears to be service on an entirely different bank, BOA obviously was eventually served.

1446(a)-(b). Plaintiff says that the statute mandates that all state court pleadings be included in the notice of removal, even those not served on the removing defendant. Plaintiff misinterprets § 1446(a). "[D]efendants [are] not required to file all of the pleadings from the state court proceeding, only those that were served on them." Cook v. Randolph Cnty., Ga., 573 F.3d 1143, 1150 (11th Cir. 2009) (citing 28 U.S.C. § 1446(a)). BOA's notice of removal did not need to include all of the state court record; rather, it needed to include only those documents on which it was served. Even if BOA failed to include some documents, its failure does not warrant remand. "[A] totally inconsequential defect in removal papers [does not] deprive the district court of jurisdiction over a case removed to it." Walton v. Bayer Corp., 643 F.3d 994, 999 (7th Cir. 2011) (collecting authority). Thus, this argument is not grounds for remand.

**B.**

Plaintiff next contends that BOA failed to comply with the rule of unanimity when removing this case to federal court because the defendants "Unknown Trustee" and "Unknown Trust" did not join the removal petition nor did they file a written consent to removal within thirty days of receipt of the summons and/or complaint. The rule of unanimity provides that "in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in th removal, or file a written consent to the removal. Loftis v. UPS, 342 F3d 509, 516 (6th Cir. 2003). See also 28 U.S.C. § 1446(b)(2)(A).

Here, i is undisputed that the Unknown Trust and the Unknown Trustee did not join in BOA's removal. Plaintiffs argue that the case should be remanded because the Unknown Trust, and the Unknown Trustee failed to file their consent to removal within

the thirty-day period.

A party may effectuate service of process pursuant to the law of the state in which the district court is located or pursuant to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(e). Michigan law permits service of process to be made in any manner "reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(I)(1). Under the Federal Rules, a corporation may be served in the same manner for serving an individual or by delivering a copy of the summons and complaint to an officer or agent authorized to receive service of process. Fed. R. Civ. P. 4(h)(1)(A)-(B). Rule 4(e)(2) allows a party to serve an individual by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Plaintiff filed a certificate of service stating that the "motion for preliminary injunctive relief and order to show cause" was mailed to "Unknown Trustee c/o Bank of America and "Unknown Trust c/o bank of America" at BOA's headquarters in Charlotte, NC. (Docs. 7, 8).

However, plaintiff has not alleged facts that BOA is the Unknown Trust or Unknown Trustee, or that BOA is aware of the identity and contact information of these two parties. Putting aside that the certificates only say that a copy of the motion for preliminary injunctive relief and order to show case, not the summons and complaint, mailing a copy of these documents to BOA is not "reasonably calculated" to give the

5

Unknown Trust and Unknown Trustee notice of plaintiff's lawsuit, nor does it comply with serving an individual or corporation under the Federal Rules of Civil Procedure. Because plaintiff did not properly serve the Unknown Trust and Unknown Trustee under either Michigan law or the Federal Rules, the Unknown Trust and Unknown Trustee were not required to consent to BOA's removal.

Moreover, plaintiff sets forth no factual basis for claiming the existence of either of these entities. As such, they may be disregarded. See 28 U.S.C. § 1441(b)(1) ("[i]n determining whether a civil action is removable on the basis of [diversity], the citizenship of defendants sued under fictitious names shall be disregarded"; Howell v. Tribune Entertainment Co., 106 F.3d 215, 218 (7th Cir. 1997) ("naming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiff's.").

Overall, the consent of the Unknown Trust and Unknown Trustee was not required for removal.

### C.

Finally, plaintiff says that the case should be remanded because BOA has not met its burden of establishing that diversity jurisdiction exits. This argument lacks merit. In the Notice of Removal, BOA alleges that plaintiff is a citizen of Michigan and it, BOA, is a federal savings bank located in North Carolina. BOA further alleges that the amount in controversy is satisfied because the principal amount of the loan at issue is $148,724.00. Plaintiff does not dispute any of these allegations. Moreover, because the Unknown Trust and Unknown Trustee were not properly served, BOA was not required to make any jurisdictional allegations as to them.

**IV.**

For the reasons stated above, plaintiff's motion to remand is DENIED.[4]

SO ORDERED.


        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: August 30, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 30, 2013, by electronic and/or ordinary mail.

        S/Sakne Chami
        Case Manager, (313) 234-5160

---

[4] Previously, the Court granted in part a motion to remand in a mortgage case. Leckman v. Citimortgage, 12-14699 (E.D. Mich. Dec. 11, 2012). Leckman, unlike this case, the case was removed based on federal question jurisdiction as the complaint alleged a cause of action under the Fair Debt Collection Practices Act. Plaintiff moved to remand arguing, inter alia, that the consent of all parties was not obtained and all of the documents were not attached to the removal petition. The Court declined to address these arguments in light of the fact that federal question jurisdiction existed. The Court then remanded the state law claims. In short, this case is not like Leckman.