UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED ANDERSON,

    Plaintiff,

vs.                                                                                          Case No. 13-12834

BANK OF AMERICA, N.A.; UNKNOWN                          HON. AVERN COHN
TRUSTEE, as Trustee on behalf of the
asset-backed security in which the loan of
issue was pooled; and UNKNOWN TRUST,
the unknown asset-backed security at issue,

    Defendant.
_____/

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS
## (Doc. 4)
## AND
## DISMISSING CASE[1]

### I. INTRODUCTION

This is a residential mortgage foreclosure case. Plaintiff Fred Anderson (Plaintiff) is suing Defendants Bank of America, N.A. (Defendant), "Unknown Trustee as trustee on behalf of the asset-backed security in which the loan at issue was pooled" and "Unknown Trust, the unknown asset-backed security in which the loan was pooled."[2] The complaint asserts the following claims:

---

[1] Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Although Plaintiff names an Unknown Trustee and Unknown Trust as Defendants, there is no trust or trustee that has an interest in the mortgage loan at issue here. Therefore, the claims against the Unknown Trustee and Unknown Trust are DISMISSED.

| | |
|---|---|
| Count I | Declaratory Relief that the foreclosure violates MCL 600.3204(1) and (3) |
| Count II | Declaratory Relief that the foreclosure violates MCL 600.3204(4), 600.3205a, 600.3205c |
| Count III | Breach of Contract |
| Count IV | Intentional Fraud |
| Count V | Constructive Fraud |
| Count VI | Tortious Interference with Contractual Relations |
| Count VII | Civil Conspiracy |
| Count VIII | Michigan's Regulation of Collection Practices Act |
| Count IX | Michigan's Occupational Code |
| Count X | Accounting |
| Count XI | Breach of Contract of the Implied Duty of Good Faith and Fair Dealing |
| Count XII | Declaratory Relief Regarding Defendants' Failure to Comply with the Condition Precedent Under the Code of Federal Regulations |

Now before the Court is Defendant's motion to dismiss (Doc. 4).

After Defendant's motion was filed, Plaintiff filed a notice of voluntary dismissal without prejudice as to counts VIII through XI under Fed. R. Civ. P. 41(a)(1)(A)(i).[3] These claims are DISMISSED WITHOUT PREJUDICE.[4]

---

[3] Fed. R. Civ. P. 41(a)(1)(A)(i) allows a plaintiff to file a notice of voluntary dismissal without court order "before the opposing party serves either an answer or a motion for summary judgment."

[4] The Court is sympathetic to Defendant's position that it has expended time, money and resources defending these claims. However, Fed. R. Civ. P. 41(a)(1)(A)(i) allows Plaintiff to voluntarily dismiss these claims without a court order because neither an answer nor a motion for summary judgment have been filed by Defendant.

For the reasons that follow, Defendant's motion to dismiss is GRANTED. The remaining claims (counts I through VII and count XII) are DISMISSED WITH PREJUDICE.

## II. BACKGROUND

This case involves real property located at 20316 Lennon St., Harper Woods, Michigan, 48225 (the "property"). On March 26, 2007, Plaintiff obtained a $148,724.00 loan from Taylor Been & Whitaker Mortgage Corporation (TBW). Plaintiff executed a note evidencing the loan. As security for the loan, Plaintiff executed a mortgage in which he gave a mortgage interest to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for TBW, its successors and assigns. The mortgage was recorded on March 29, 2007, Liber 46124, page 190, Wayne County Register of Deeds.

On April 6, 2012, MERS assigned its interest in the mortgage to Defendant. The assignment was recorded on April 11, 2012, Liber 49797, page 375, Wayne County Register of Deeds.

Plaintiff defaulted on the loan. Defendant referred the loan to its foreclosure counsel, Trott & Trott, P.C. At the same time, Defendant worked with Plaintiff to enter into a loan modification agreement. On April 17, 2013, Defendant sent Plaintiff a letter informing him that he was approved for a loan modification subject to successful completion of a "Trial Period Plan." The letter informed Plaintiff that he "must sign and return one copy of the Trial Plan Agreement included with this letter by May 17, 2013." Plaintiff did not sign and return the documents, nor did he make a payment under the trial plan. Plaintiff rejected Defendant's offer to modify the loan.

On May 24, 2013, Plaintiff filed an action in Wayne County Circuit Court. The court issued an order granting Plaintiff's preliminary injunction preventing Defendant from

3

proceeding with foreclosure of the property. Defendant removed the action to this Court and filed a motion to dismiss (Doc. 4).

Plaintiff filed a motion to remand (Doc. 9); it was denied (Doc. 15). The motion to dismiss is ready for decision.

### III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 679 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not

4

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678 (internal quotation marks and citation omitted).

## IV.  ANALYSIS

### A. Counts I (Declaratory Relief That Foreclosure Will Violate MCL 600.3204(1) and (3))

In count I, Plaintiff seeks a declaratory judgment that foreclosure proceedings violates Mich. Comp. Laws §§ 600.3204(1) and (3). The basis of Plaintiff's claim is a challenge to the assignment of the mortgage from MERS to Defendant. Plaintiff says that this assignment was invalid. His argument has no merit.

Plaintiff contends that Defendant does not have standing to foreclose on the property because the assignment of the mortgage from MERS to Defendant was invalid. Plaintiff argues that TBW was no longer in business at the time MERS assigned the mortgage to Defendant and, therefore, the assignment was invalid. In addition, Plaintiff complains that the assignment was "robo-signed" and that it is insufficient to create a record chain of title. Plaintiff is wrong.

The Michigan Supreme Court has made clear that, under Michigan law, a mortgage granted to MERS as nominee for lender and lender's successors and assigns is a valid and assignable mortgage. *Residential Funding Co., LLC v. Saurman*, 805 N.W.2d 183 (Mich. 2011); *see also Matthews v. Mortg. Elec. Reg. Sys. Inc.*, No. 10-13740, 2011 WL 2560329 (E.D. Mich. April 5, 2011). In addition, a nonparty to the assignment lacks standing to challenge the assignment absent a showing by the borrower that he would be subject to

double liability on his debt.  *Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010).

Here, Plaintiff gave MERS the right to assign the mortgage.  Plaintiff cannot now contend that MERS did not have the right to assign it.  *See Corgan v Deutsche Bank Nat'l Trust Co.*, No. 1:09-cv-939, 2010 WL 2854421, at *3 (W.D. Mich. July 20, 2010); *Hilmon v Mortg. Elec. Reg. Sys., Inc*, No. 06-13055, 2007 WL 1218718 (E.D. Mich. April 23, 2007).  In addition, even if Plaintiff had standing to challenge the assignment, his argument that the recorded assignment is insufficient to create a chain of title has no merit.  Therefore, Plaintiff is not entitled to the declaratory relief he requests in count I.

**B. Count II (Declaratory Relief That Foreclosure Will Violate MCL 600.3205C)**

In count II, Plaintiff seeks a declaratory judgment that Defendant violated Mich. Comp. Laws § 600.3205c by failing to specifically state in its loan modification offer that such offer was pursuant to Michigan's statutory modification process.  In addition, Plaintiff argues that, even if Defendant can show that its offer was pursuant to the statute, it failed to provide him with a copy of the calculations it used in determining an appropriate modification amount.  Thus, Plaintiff seeks to convert the foreclosure by advertisement proceedings to a judicial foreclosure.

Under Michigan law, foreclosure by advertisement proceedings may not commence on a person's principal residence unless "[n]otice has . . . been mailed to the mortgagor as required by section 3205a."  Mich. Comp. Laws § 600.3204(4)(a).  Among other things, section 3205a requires the mortgagor to be notified of the reasons that the mortgage loan is in default, the amount that is due and owing, and that the borrower can request a meeting to attempt to work out a modification of the mortgage.  Mich. Comp. Laws §

600.3205a. However, the above notice requirement applies only to "property claimed as a principal residence exempt from tax under section 7cc of the general property tax act." Mich. Comp. Laws § 600.3204(4). To claim a principal residence as exempt under the general property tax act, a homeowner is required to file "an affidavit on or before May 1 with the local tax collecting unit in which the property is located." Mich. Comp. Laws § 211.7cc.

Here, as is shown from the tax records, Plaintiff did not file an affidavit claiming the property as a principal residence exempt from tax under section 7cc. Therefore, Defendant was not required to specifically state that its loan modification offer was pursuant to the statute.

Notwithstanding the above, it is clear that Defendant did in fact offer Plaintiff a loan modification which he declined to accept. Accordingly, even if Defendant had a duty to abide by the statutory requirements, it did in fact comply with those requirements. Plaintiff is not entitled to declaratory relief or conversion of the foreclosure by advertisement proceedings to a judicial foreclosure.

**C. Count III (Breach of Contract)**

In Count III, Plaintiff argues that Defendant breached the mortgage agreement by failing to credit him for payments he made to pay taxes and insurance. The agreement authorized Defendant to bill Plaintiff for principal, interest, taxes and insurance, and to utilize his funds to pay the taxes and insurance subject to a credit.

"A party claiming a breach of contract must establish by a preponderance of the evidence (1) that there was a contract, (2) that the other party breached the contract and, (3) that the party asserting breach of contract suffered damages as a result of the breach."

*Miller-Davis Co. v. Ahrens Const., Inc. (On Remand)*, 296 Mich. App. 56 (2012) (citations omitted). Plaintiff's conclusory allegations in the complaint fail to satisfy its burden of stating a claim upon which relief can be granted. The complaint simply states that "Defendants, by their conduct as described herein, have breached these requirements of the contract, by failing to credit Plaintiff for payments made, and by foreclosing instead of cleaning up their own mistake." (Doc. 1-2 at 28, Compl. at ¶ 136). As Defendant correctly notes, Plaintiff "fails to state what payments were made, when or how they were supposed to be credited, what mistakes were made, why they are considered mistakes under the contract, etc." (Doc. 19 at 8, Def's. Reply). Therefore, under *Iqbal* and *Twombly*, Plaintiff has failed to state a breach of contract claim upon which relief can be granted.

**D. Counts IV and V (Intentional and Constructive Fraud)**

In counts IV and V, Plaintiff claims that Defendant "lied to and otherwise defrauded Plaintiff, by informing him that the only way to fully qualify for modification would be to intentionally fall behind on the Mortgage, and fed him lies based around the false narrative that a default of the Mortgage is a pre-condition to modification." (Doc. 17 at 13, Pl's. Resp.).

Under Michigan law, to prove a claim of fraudulent misrepresentation or common law fraud, Plaintiff must satisfy six elements:

> (1) the defendant made a material misrepresentation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury.

*Roberts v. Saffell*, 280 Mich. App. 297, 403 (2008) (citations omitted).

Plaintiff's fraud claims fail for two reasons. First, Plaintiff has not alleged any specific misrepresentations made by Defendant that would satisfy the particularity requirements of Fed. R. Civ. P. 9(b). In order to meet the particularity requirements of Rule 9(b), a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (citation omitted). The allegations in Plaintiff's complaint patently fail to meet the particularity requirements of Rule 9(b). Plaintiff has not identified the allegedly false statements that were made. He generally argues that statements were made, but cannot point to any specific statements. These allegations are conclusory.

Second, the allegations contained in the complaint are directly contradicted by the fact that Defendant did, in fact, offer Plaintiff a loan modification. It was Plaintiff who chose not to accept Defendant's offer. For these reasons, Plaintiff's fraud claims fail.

### E. Count VI (Tortious Interference)

The Court has explained:

> To state a claim for intentional interference with contractual relations plaintiff[] must plead "(1) a contract, (2) a breach, and (3) an unjustified instigation of the breach by the defendant." *Mahrle v. Danke*, 216 Mich. App. 343, 350 (1996). Similarly, tortious interference with a business relation requires: "the existence of a valid business relation (not necessarily evidenced by an enforceable contract) or expectancy; knowledge of the relationship or expectancy on the part of the interferer; an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and resultant damage to the party whose relationship or expectancy has been disrupted." *Woody v. Tamer*, 158 Mich. App. 764, 778 (1987) (internal quotations omitted). "[O]ne who alleges tortious interference with a contractual or business relationship must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another." *Formall, Inc. v. Community Nat'l Bank of Pontiac*, 166 Mich. App. 772, 779 (1988) (internal quotations omitted). Further, "a plaintiff must demonstrate, with specificity,

affirmative acts by the interferer which corroborate the unlawful purpose of the interference." *Id.* at 779; *see also Henslee, Monek, & Henslee v. D.M. Central Transp., Inc.*, 870 F. Supp. 765, 766 (E.D. Mich. 1994).

*Meyer v. Citimortgage, Inc.*, No. 11-13432, 2012 WL 511995, at *4 (E.D. Mich. Feb. 16, 2012).

The complaint fails to state how Defendant breached any contract with Plaintiff. In fact, Plaintiff's complaint alleges that "[t]he Trustee and Trust" who Plaintiff admits "are not parties to the contract [the mortgage]" interfered with Plaintiff's relationship with TBW. For the obvious reason that Plaintiff has not stated any action taken by *Defendant*, the tortious interference claim fails.

### F. Count VII (Civil Conspiracy)

In count VII, Plaintiff claims that "Defendants have illegally, maliciously, and/or wrongfully conspired with one another with the intent to violate the Fair Debt Collection Practices Act. . ." (Doc. 1-2 at 35, Compl. at ¶ 179). Plaintiff's claim fails for two reasons.

First, a conspiracy requires allegations to be stated with some specificity. *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). Here, Plaintiff has failed to plead any specific allegations with respect to the purported conspiracy.

Second, a conspiracy cannot stand alone as a cause of action; there must be an underlying viable tort claim. *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 257 Mich. App. 365, 384 (2003) ("[A] claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable tort.") (internal quotations omitted). Because Plaintiff has not stated any separate viable tort claim, his civil conspiracy claim fails as a matter of law.

### G. Count XII (Declaratory Relief – Failure to Comply With Federal Regulations)

13-12834 Anderson v. Bank of America

In count XII of the complaint, Plaintiff claims that Defendant violated certain federal regulations–HUD mortgage servicing policies. Assuming this is true, Plaintiff does not have a private right of action to enforce these regulations. *Fed. Nat. Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir. 1989) (no express or implied right of action in favor of the mortgagor exists for violation of HUD mortgage servicing policies).

In response, Plaintiff claims that the federal regulations were incorporated in the mortgage. Thus, Plaintiff contends that Defendant's breach of the HUD regulations, which required a face-to-face meeting prior to initiating foreclosure proceedings, was also a violation of the mortgage itself. Plaintiff did not plead a breach of contract claim on this basis; he cannot bootstrap this argument in his response brief. In addition, Plaintiff's breach of contract claim is belied by the fact that he was offered a loan modification which he rejected.

## V.  CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is GRANTED and this case is DISMISSED.

SO ORDERED.

        s/Avern Cohn
       UNITED STATES DISTRICT JUDGE

Dated:  October 24, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 24, 2013, by electronic and/or ordinary mail.

        s/Sakne Chami
       Case Manager, (313) 234-5160

13-12834 Anderson v. Bank of America